IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RODNEY ADAMS                                                              PLAINTIFF

V.                         CASE NO. 3:17-CV-00159-JTK

NANCY A. BERRYHILL, Acting Commissioner
Social Security Administration                                            DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff, Rodney Adams, appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) based on disability[1]. Both parties have submitted appellate briefs, and the case is ready for a decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is affirmed.

### Procedural History

Plaintiff protectively filed his application for benefits on November 18, 2014, alleging a disability date of September 30, 2014. (Tr. 198-202) Disability Determination

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

1

Services (DDS) denied the claims initially and upon reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed his action in federal court.

**Administrative Proceedings**

An administrative hearing was held on April 25, 2016, and was attended by Plaintiff, his two attorneys, and the vocational expert. (Tr. 87-109) Plaintiff was born on December 21, 1964, and has not engaged in substantial gainful activity since his alleged onset date. (Tr. 89-90) Plaintiff has a high school education. (Tr. 90) Plaintiff has past relevant work as a forklift operator and a sanitation worker. (Tr. 91-92) The ALJ considered Plaintiff's impairments by way of the required-five step sequential evaluation process[2] and found Plaintiff had the severe[3] impairments of: lumbar spine degenerative disc disease, status post-surgery, bilateral knee chondromalacia, right hip arthritis, chronic obstructive pulmonary disease ("COPD"), irritable bowel disease ("IBD"), and obesity. (Tr. 27) The

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1520. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 404.1521.

ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing.  (Tr. 28-29)

In addition, the ALJ determined that Plaintiff had the residual functional capacity[4] (RFC) to perform light work,[5] except that he can sit or stand at will. (Tr. 29)  Specifically, the ALJ found that Plaintiff cannot climb ladders, ropes, or scaffolds; cannot balance; can no more than occasionally climbs ramps or stairs, stoop, kneel, crouch, or crawl; cannot work at unprotected heights; cannot work around concentrated fumes, odors, or gases; and can no more than occasionally perform overhead reaching duties.  *Id.*  In making his determination, the ALJ noted that, while the Plaintiff's impairments could reasonably be expected to cause the symptoms alleged, the statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely credible.  (Tr. 30)  The ALJ further found that, while Plaintiff was unable to perform any of his past relevant work, there were other jobs that existed in significant numbers in the national economy that he could perform (i.e. marketing clerk and small parts packer).  (Tr. 32-33)  Consequently, the ALJ concluded Plaintiff was not disabled.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g).

---

[4] The RFC is "the most [a claimant] can do despite" his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a).

[5] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. 404.1567(b).

Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues that substantial evidence does not support the ALJ's decision to deny benefits. Specifically, he argues that the ALJ's RFC finding is not supported by the evidence and the ALJ's credibility evaluation was inadequate. The Defendant argues the ALJ properly developed the record and determined Plaintiff's RFC.

### A. *The RFC Determination*

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-

8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R. § 416-946.

    Here, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the relevant evidence in the record to make his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. Plaintiff argues that his RFC determination was improper because Dr. John Harris's, a consultative examiner, opinion that the Plaintiff could sit for a full day, and lift and carry less than thirty (30) pounds was more consistent with sedentary work. Furthermore, he argues that because light work requires that a claimant be capable of standing or walking for a total of six hours out of an eight hour work day, Dr. Harris's "silence on Adams' ability to stand and/or walk left the ALJ with nothing to do but draw upon his own inferences, which was improper." (DE # 11, p. 18) Dr. Harris's opinion and examination notes, however, support the ALJ's RFC determination. The examination showed mild decreased range of motion in the hips, full range of motion in the knees, minimal restriction of range of motion in the back, normal gait and ambulates without an assistive device, ability to rise from a sitting position without assistance, stand on tiptoes and heels, tandem

walk without problems, and ability to bend and squat without difficulty. (Tr. 407-410) A different examination done by Dr. Michael E. Crawley, performed on March 29, 2016, notes that the Plaintiff had normal musculoskeletal range of motion, which also supports the ALJ's RFC determination. Contrary to the Plaintiff's contentions, the ALJ did not "draw upon his own inferences" in concluding that he could perform light work. The ALJ specifically stated that because the Plaintiff was impeded by additional limitations (i.e. that he must be able to sit or stand at will), in order to determine the extent to which his limitations "erode the unskilled light occupational base" he considered vocational expert ("VE") testimony. The ALJ properly credited the VE's testimony as reasonable and accepted her expert opinion that the Plaintiff could still perform the light and unskilled occupations of marketing clerk and small parts packer. *See Frankl v. Shalala*, 47 F. 3d 935, 937 (8th Cir. 1995) (holding that "[i]f nonexertional impairments exist that limit the claimant's ability to perform the full range of work in a particular category, then the ALJ cannot rely exclusively on the grids to determine disability but must consider vocational expert testimony.")

Additionally, the Plaintiff argues it was error for the ALJ to afford great weight to the opinions of non-examining agency physicians in determining the Plaintiff's RFC. The ALJ noted, "[a]lthough these are non-examining sources, their opinion is consistent with the record, including the claimant's objective medical imaging records." (Tr. 31) An ALJ is permitted to give significant weight to state agency doctors if their opinions are supported by the record. *See Wagner v. Astrue*, 499 F.3d 842, 847-49 (8th Cir. 2007) (affirming the Commissioner, who placed greater weight on the state agency physicians

than the treating physicians). The record shows that the ALJ examined the entire record when deciding how much weight to place on each medical opinion.

Lastly, with regard to Plaintiff's RFC determination, he avers the ALJ erred by not giving any consideration to his testimony regarding the effects of his IBD.  While the Plaintiff testified that his IBD caused him to have to use the bathroom frequently, the record as a whole simply does not support this additional limitation.  The Eighth Circuit Court of Appeals has held that it is proper for an ALJ to limit an RFC determination to only such impairments and limitations supported by the entire record.  *McGeorge v. Barnhart*, 321 F. 3d 766 (8th Cir. 2003).

### B. The Credibility Determination

Finally, Plaintiff contends the ALJ erred in finding his testimony to not be entirely credible.  He argues that while the ALJ "recited the needed findings," he failed to fully consider the credibility factors.

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  However, the ALJ is not required to discuss each factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints.  *Halverson v. Astrue*,

7

600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)).  While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary.  *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court is to defer to the ALJ's credibility determination if supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 978, 984 (8th Cir. 2014).

    Here, the ALJ expressly stated that he took into account the required credibility factors and considered the evidence related to Plaintiff's prior work history. (Tr. 29)  The ALJ noted that the Plaintiff helps with household chores such as doing laundry and washing dishes (Tr. 30) The ALJ also considered the Plaintiff's minimal treatment during the relevant time period.  (Tr. 31)

    Additionally, the Plaintiff testified that he is able to engage in personal care tasks, shops for groceries, watches television, and walks in the yard with his dogs.  (Tr. 95-96) Plaintiff also testified that the medication that he takes offers pain relief.  (Tr. 94) With regard to his work history, Plaintiff stated that he was terminated from his last place of employment because he lost his temper and got into a physical altercation with another

employee. (Tr. 91)   Overall, the ALJ provided sufficient reasons for discrediting the Plaintiff and furthermore the credibility determination is supported by substantial evidence.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole that supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly, for the reasons set forth above, the final decision of the Commissioner is affirmed.

IT SO ORDERED this 16th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE